# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

ELAINE MATTHEWS,

    Plaintiff,

-vs-                                              Case No.: 2:11-cv-549-FtM-29SPC

MARIE WATTS,

    Defendant.

_____

## ORDER

This matter comes before the Court on Plaintiff, Elaine Matthew's, Motion for Reconsideration (Doc. # 27) filed on March 23, 2012, regarding the Order entered on January 30, 2012, denying as moot Plaintiff's Request for Extension. (Doc. #26).

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Rest. Mgmt., 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow

Constr. Corp. v. Sarasota/Manatee Auth., 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

Plaintiff has failed to demonstrate that there has been an intervening change in the controlling law, any new evidence, or the need to correct clear error or prevent manifest injustice. Plaintiff's previous Motion (Doc. # 25) was denied as moot because the stay that was requested had already been entered on January 25, 2012. See Doc. # 24. Therefore, Plaintiff has not met the burden of proof required to support reconsideration.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. #27) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of April, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record