```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


ELAINE MATTHEWS,

                    Plaintiff,

vs.                                 Case No.   2:11-cv-549-FtM-29SPC

MARIE WATTS,

                    Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss and Strike and Memorandum of Law (Doc. #6) filed on October 17, 2011. In response, plaintiff filed Plaintiff's Opposition to Defendant's Motion to Dismiss and Strike and Plaintiff's Memorandum of Law (Doc. #7) on October 27, 2011. On December 14, 2011, Defendant filed a Request for Judicial Notice in Support of Defendant, Marie Watts' Motion to Dismiss (Doc. #20). Plaintiff then filed Plaintiff's Request for Judicial Notice and For This Court to Take Note of Math (Doc. #22) on December 16, 2011. For the reasons set forth below, the case will be dismissed.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson

v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id. The Court may take judicial notice of matters of public record without converting a Rule 12(b)(6) to a Rule 56 motion. See Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376 (11th Cir. 2010).

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or

may cause prejudice to one of the parties. Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

**II.**

The Complaint consists of 115 paragraphs, which are largely repetitive and are not divided into counts. Read liberally, as is required due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Complaint alleges that defendant, plaintiff's stepmother, violated the "Constitution's prohibition against cruel and unusual punishment[]" by circumventing plaintiff's father's "Will Contracts" which "unjustly impoverished" plaintiff. (Doc. #1, pp. 1,2,11.) The Complaint also contains terms that may suggest that plaintiff is alleging claims for unjust enrichment, breach of contract, fraud, and breach of fiduciary duty. (Doc. #1.) However, all of plaintiff's claims arise from the disposition of plaintiff's father's estate, which the Complaint alleges were litigated and that plaintiff agreed to a settlement. (Id., ¶¶ 7,8,14,26.)

Defendant requests that the Court take judicial notice of the opinion in In re Estate of Phillip Rosen, 513 N.Y.S.2d 801 (N.Y. App. Div. 1987), in support of defendant's argument that plaintiff's claims are barred by *res judicata*. (Doc. #20.) Plaintiff similarly requests that the Court take judicial notice of the opinion in Rosen v. Raum, 559 N.Y.S.2d 541 (N.Y. App. Div. 1990), to show that the appellate division made "factual errors"

and to demonstrate how plaintiff's father's estate was divided. (Doc. #22.)

The Court takes judicial notice of the two published opinions as requested by the parties. The Court also takes judicial notice of the related orders and opinions in Matthews v. New York, Civ. A. No. 92-5044, 1992 WL 333580 (E.D. Pa. Nov. 5, 1992); Rosen v. Freiman, No. 91 Civ. 6096 (PKL), 1992 WL 203846 (S.D.N.Y. Aug. 13, 1992); Rosen v. Raum, No. 90 Civ. 7966 (CSH), 1991 WL 130938 (S.D.N.Y. July 10, 1991); Rosen v. Raum, No. 90 Civ. 7966 (CSH), 1991 WL 79195 (S.D.N.Y. May 3, 1991); Rosen v. Raum, 595 N.Y.S.2d 14 (N.Y. App. Div. 1993); Rosen v. Raum, 570 N.Y.S.2d 961 (N.Y. App. Div. 1991); Rosen v. Brewster, 554 N.Y.S.2d 667 (N.Y. App. Div. 1990).

Judge Haight's opinion and order helps provide context for the Complaint:

> Plaintiff is a daughter of the late Philip Rosen, who died in 1982. Philip Rosen's wife at the time of his death, defendant Marie Rosen, now Marie Raum, qualified as co-executor of the estate, together with Gerald Rosen, a son from a prior marriage and the plaintiff's brother. Each executor retained counsel. Litigation arose in respect of the settlement of the estate, including plaintiff's objections to the accounting of Raum as executrix. The objections were set down for trial before Surrogate Evans V. Brewster in Westchester County. Prior to commencement of trial on July 20, 1987, all parties, including plaintiff appearing *pro se*, entered into a stipulation of settlement.

Rosen, 1991 WL 130938, at *1. After the stipulation of settlement was entered, plaintiff made numerous attempts to vacate the stipulation by: (1) filing a petition to compel surrogate to reopen

her father's estate, Rosen, 554 N.Y.S.2d 667; (2) filing a complaint against the estate accountant, Rosen, 595 N.Y.S.2d 14, (3) filing a petition to set aside the stipulation of settlement, Rosen, 570 N.Y.S.2d 961; (4) filing a complaint in federal court to set aside the stipulation, Rosen, 1991 WL 130938; (5) filing a complaint in federal court against the estate accountant's attorney, Rosen, 1992 WL 203846; and (6) filing a complaint in federal court against the State of New York for the New York court's handling of her father's estate, Matthews, 1992 WL 333580. Plaintiff claims have failed in each instance and now nearly twenty-five years after the stipulation of settlement was entered, plaintiff again seeks to redress the perceived wrongs of the estate's disposition.

## III.

Not only does the Complaint fail to meet the pleading requirements of Fed. R. Civ. P. 8 and 10[1], plaintiff has failed to state a plausible cause of action under the Eighth Amendment of the Constitution. As Judge Hood of the Eastern District of Kentucky made clear in an unrelated case brought by plaintiff:

---

[1] Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Fed. R. Civ. P. 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count."

> [T]he Eighth Amendment's proscription of "Cruel and Unusual Punishments" applies only to actions taken by the government, not to those of private individuals. The Supreme Court has repeatedly emphasized that the Constitution does not reach "merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Because Tobin, "the party charged with the deprivation," is not "a person who may fairly be said to be a state actor," Matthews cannot show a violation of the Eighth Amendment, and her civil rights claim fails as a matter of law. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Matthews v. Tobin, Civil Action No. 12-12-JMH, 2012 WL 215130 (E.D. Ky. Jan. 24, 2012).

The Court finds that the dismissal of the Complaint should be with prejudice. Plaintiff has previously been warned that "the future filing of frivolous, repetitious or vexatious actions" arising out of the administration of plaintiff's father's estate "will result in the imposition of monetary and/or injunctive sanctions." Rosen, 1992 WL 203846, at *2. Despite the warning, plaintiff continues to file complaints in federal court arising out of the administration of plaintiff's father's estate.[2] Given that the Complaint was filed nearly twenty-five years after the stipulation of settlement was entered and after numerous dismissals in related cases, the Complaint is defective to such extent that it would be futile to grant leave to replead. Plausible claims

---

[2]The Court will not impose sanctions against plaintiff. However, plaintiff is again warned that the future filing of frivolous, repetitious or vexatious actions arising out of the administration of plaintiff's father's estate will result in the imposition of monetary and/or injunctive sanctions.

arising from the administration of plaintiff's father's estate would be precluded by statute of limitations[3] or *res judicata*[4].

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #6) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE.**

2. Defendant's Motion to Strike (Doc. #6) is **DENIED** as moot.

3. The Clerk shall enter judgment accordingly, terminate all deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of April, 2012.

Copies:

Counsel of record

Pro se parties

JOHN E. STEELE
United States District Judge

---

[3] Under Florida law, the statute of limitations applicable to unjust enrichment, breach of contract, fraud, and breach of fiduciary duty claims provides a four to five year window to file a complaint. Fla. Stat. §§ 95.11(2)(b), 95.11(3)(j),(k),(o).

[4] To show *res judicata*, or claim preclusion, "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). *Res judicata* applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of facts." Adams v. Southern Farm Bureau Life Ins. Co., 493 F.3d 1276, 1289 (11th Cir. 2007)(quoting Manning v. City of Auburn, 953 F.2d 1355 1358-59 (11th Cir. 1992)).