UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELAINE MATTHEWS,

                   Plaintiff,

vs.                            Case No.  2:11-cv-549-FtM-29SPC

MARIE WATTS,

                   Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's Motion Under Rule 60(b) (Doc. #34) filed on May 24, 2012.  Defendant filed a Response (Doc. #35) on May 30, 2012.  On September 10, 2012, plaintiff filed Plaintiff's Demand for Honest Response so as to Avoid a Complaint Against the Presiding Judge and/or the Need to Fly Into Fort Myers to Take All Available Actions for Due Process (Doc. #36), which the Court construes as a reply in support.  For the reasons set forth below, the motion is denied.

**I.**

    This matter is brought by plaintiff asserting various claims arising from the disposition of her father's estate.  The Court set forth the factual background of this matter in its April 25, 2012 Opinion and Order (Doc. #32) and will not repeat it here.  On April 30, 2012, a Judgment (Doc. #33) was entered pursuant to the April 25 Opinion and Order, dismissing the Complaint with prejudice.  On

May 24, 2012, plaintiff filed the subject motion seeking reconsideration of the Judgment.

## II.

Because plaintiff filed her motion within the twenty-eight day time limitation, the Court will consider plaintiff's motion as brought pursuant to both Federal Rule of Civil Procedure 59 and 60(b). See Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)("A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60 - regardless of how the motion is styled by the movant - depending on the type of relief sought.").

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)(citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision

is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined.  Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).  Unless the movant's arguments fall into certain limited categories, a motion to reconsider must be denied.

Under Rule 59(e), courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Similarly, Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment under specific circumstances such as: "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Rule 60 also provides for a catchall provision that permits the Court to grant relief from a final judgment "for any other reason that justifies

relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision is "exceedingly rare" and "does not offer an unsuccessful litigant an opportunity 'to take a mulligan.'" Federal Rules Civil Handbook, Rule 60, Reason 6 (quoting Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007)). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006)(quotation and alteration marks omitted).

Plaintiff argues that this Court ignored "the reality that inevitably she will commit suicide when she becomes destitute" and seems to reassert some or all of the arguments already presented. (Doc. #32; Doc. #36.) Plaintiff's arguments were already considered and rejected by the Court. Therefore, the motion will be denied under both Federal Rule of Civil Procedure 59 and 60(b).

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion Under Rule 60(b) (Doc. #34) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this 27th day of September, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Pro se parties

-4-